UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN GRIFFIN,

       Plaintiff,                               Case No. 2:17-cv-12204
                                                District Judge Mark A. Goldsmith
v.                                            Magistrate Judge Anthony P. Patti

WILLIAM MALATINSKY,
*et al.*,

       Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL (DE 3)

This matter is before the Court for consideration of Plaintiff Nevin Griffin's motion for assistance with recruiting counsel. (DE 3.) For the reasons that follow, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE** to renewal after the case has proceeded past its initial stages.

### I. BACKGROUND

Plaintiff, an Indiana state prisoner who is proceeding *in forma pauperis*, brings claims under 42 U.S.C. § 1983, alleging that Defendants in the Milan Correctional Facility violated his Eighth Amendment rights against cruel and unusual punishment by discontinuing his blood thinner prescription, which

precipitated his embolism and heart attack.  He asks the Court to award him $5 million in damages.  To date, none of the Defendants have been served.

Plaintiff filed the instant motion on July 5, 2017, asking the court to appoint an attorney in this civil matter.  (DE 3.)  He notes that he has contacted nearly 50 attorneys to take his case, and has thus far not been able to retain his own counsel.  He contends that his depression and leg pain could impact his ability to litigate this case.  Finally, Plaintiff asserts that his lack of knowledge of the law causes him to err in his court paperwork, which led to a dismissal in a prior case.

## II.     ANALYSIS

Proceedings *in forma pauperis* are governed by 28 U.S.C. § 1915, which provides that "[t]he court **may request** an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1) (emphasis added).  However, even if the circumstances of Plaintiff's case convinced the Court to engage in such a search, "[t]here is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to **recruit counsel** under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014) (emphasis added); *see also Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) ("Congress hasn't provided lawyers for indigent prisoners; instead it gave district courts discretion to ask lawyers to volunteer their services in some cases.").  The appointment of

counsel in a civil case, therefore, "is a privilege not a right." *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) (internal quotation omitted).

The Supreme Court has held that there is a presumption that "an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). With respect to prisoner civil rights cases in particular, the Court of Appeals for the Sixth Circuit has held that "there is no right to counsel. . . . The appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett v. Smith,* 110 F. App'x 633, 635 (6th Cir. 2004). [1] Accordingly, although the Court has the statutory authority to request counsel for *pro se* plaintiffs in civil cases under 28 U.S.C. § 1915(e), the exercise of this authority is limited to exceptional situations.

In evaluating a matter for "exceptional circumstances," a court should consider: (1) the probable merit of the claims, (2) the nature of the case, (3) the complexity of the legal and factual issues raised, and (4) the ability of the litigant to represent him or herself. *Lince v. Youngert*, 136 F. App'x 779, 782 (6th Cir. 2005); *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993); *Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).

---

[1] Although some of the case law colloquially discusses the Court's "appointment" of counsel in prisoner rights cases, under 28 U.S.C. § 1915 the Court may only request that an attorney represent an indigent plaintiff.

Applying the foregoing authority, Plaintiff has not described any circumstances to justify a request for appointment of counsel at this time.  Plaintiff contends that the expertise of an attorney would be helpful to litigate his case, but that he has not been able to find an attorney on his own.  Such factors would apply to nearly every *pro se* prisoner proceeding *in forma pauperis*, and do not constitute extraordinary circumstances.  The claims in Plaintiff's complaint are not particularly complex and ably described by Plaintiff, involving an allegation of cruel and unusual punishment related to Plaintiff's March 2015 heart attack.  Moreover, Plaintiff has illustrated his ability to articulate his claims and adequately communicate his requests to the Court in a clear and well-organized manner, and he notes in his motion that he has no "problems reading or writing English[.]"  (DE 3 at 2.)  Finally, as this is a civil case in which Plaintiff is seeking only monetary damages, there is no danger that Plaintiff will be deprived of his physical liberty over and above his current sentence if he loses this case.

Accordingly, at this time, Plaintiff's motion to appoint counsel is **DENIED WITHOUT PREJUDICE.**  (DE 3.)  Plaintiff may petition the Court for the recruitment of *pro bono* counsel if this case survives dispositive motion practice, proceeds to trial, or if other circumstances demonstrate such a need in the future.

**IT IS SO ORDERED.**

Dated: August 16, 2017    s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

**Certificate of Service**

I hereby certify that a copy of the foregoing document was sent to parties of record on August 16, 2017, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti