UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEVIN GRIFFIN,

    Plaintiff,                                               Case No. 17-cv-12204

vs.                                                      HON. MARK A. GOLDSMITH

WILLIAM MALATINSKY, et al.,

    Defendants.
_____/

**OPINION & ORDER
(1) SUSTAINING IN PART AND OVERRULING IN PART PLAINTIFF'S
OBJECTIONS (Dkt. 30), (2) ADOPTING IN PART AND REJECTING IN PART THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 27), AND (3)
GRANTING DEFENDANTS' MOTIONS TO DISMISS OR IN ALTERNATIVE FOR
SUMMARY JUDGMENT (Dkt. 21)**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge Anthony P. Patti, issued on May 29, 2018 (Dkt. 27).  In the R&R, the magistrate judge recommends that the Court grant Defendants William Malatinsky and Aurelio Rosario's motion to dismiss or in the alternative for summary judgment (Dkt. 21).  Plaintiff Nevin Griffin subsequently filed objections to the R&R (Dkt. 30); Defendants have since filed a response (Dkt. 31).  For the reasons that follow, the Court sustains in part and overrules in part Griffin's objections, adopts in part and rejects in part the R&R, and grants Defendants' motion to dismiss or in the alternative for summary judgment.

**I. LEGAL STANDARD**

The Court reviews de novo those portions of the R&R to which a specific objection has been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(1).  However, "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.  The objections must be clear enough to enable the district

1

court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

In evaluating a motion to dismiss under Rule 12(b)(6), "[c]ourts must construe the complaint in the light most favorable to plaintiff, accept all well-pled factual allegations as true, and determine whether the complaint states a plausible claim for relief." Albrecht v. Treon, 617 F.3d 890, 893 (6th Cir. 2010). To survive a motion to dismiss, a complaint must plead specific factual allegations, and not just legal conclusions, in support of each claim. Ashcroft v. Iqbal, 556 U.S. 662, 678-679 (2009). A complaint will be dismissed unless it states a "plausible claim for relief." Id. at 679; Bell Atlantic Corp. v Twombly, 550 US 544, 570 (2007).

A court must grant "summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In making this determination, the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." U.S. S.E.C. v. Sierra Brokerage Servs., Inc., 712 F.3d 321, 327 (6th Cir. 2013). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-252 (1986). "[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 250 (quoting Fed. R. Civ. P. 56(e)). Furthermore, plaintiff "cannot rely on conjecture or conclusory accusations." Arendale v. City of Memphis, 519 F.3d 587, 605 (6th Cir. 2008).

## II. ANALYSIS

Griffin sets forth three objections to the magistrate judge's R&R: (i) the magistrate judge erred in recommending that Griffin's complaint should be dismissed as to Rosario for failure to exhaust all administrative remedies; (ii) the magistrate judge erred when he recommended that

2

Defendants' actions did not violate the Eighth Amendment's prohibition against cruel and unusual punishment; and (iii) the magistrate judge erred in recommending that even if Defendants violated Griffin's Eighth Amendment rights, they are entitled to qualified immunity. The Court addresses each objection in turn.

**A. Objection One: Failure to Exhaust Administrative Remedies**

Griffin first objects to the magistrate judge's recommendation that Griffin's Bivens claim against Rosario should be dismissed for failure to exhaust all administrative remedies prior to filing in federal court. The magistrate judge noted that while Griffin properly exhausted all of his administrative remedies against Malatinsky, he failed to properly exhaust his remedies as to Rosario because he attempted to file a grievance with the Federal Bureau of Prisons's ("BOP") regional office prior to filing a grievance at the institution in which he was being held, in violation of the BOP's Administrative Remedy Program. See 28 C.F.R. §§ 542.10-542.19.

The Prisoner Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Proper exhaustion demands compliance with [the prison's] deadlines and other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90 (2006). The failure to exhaust administrative remedies is an affirmative defense to be pled by the defendant and proven by a preponderance of the evidence. Lee v. Willey, 789 F.3d 673, 677 (6th Cir. 2015).

Griffin does not contest that the procedures applicable to him are set out in the BOP's Administrative Remedy Program. The program requires inmates (i) to begin with an informal resolution of their issue with prison staff; (ii) if that fails, the prisoner must file a formal grievance using Form BP-9 with his institution's warden; (iii) if he is unsatisfied with the warden's response,

the prisoner is required to the appropriate BOP regional office using Form BP-10; and (iv) if unsatisfied with the response from the regional office, the prisoner must present his final administrative appeal to the BOP's general counsel using Form BP-11. See 28 C.F.R. §§ 542.13-524.15.

In his R&R, the magistrate judge notes that Griffin appealed directly to the regional office instead of first bringing his medical complaints to the staff at FCI Milan, the facility where he was incarcerated. Griffin argues that this failure to follow the Administrative Remedy Program is not grounds for dismissal, because "[u]nder the facts of this case, the defendants were served with ample notice that medical personnel had provided the plaintiff with inadequate medical care through their respective deliberate indifference." Obj. at 2, PageID.505. However, an inmate is only permitted to bring a § 1983 claim without exhausting his administrative remedies where such remedies are not available. See Ross v. Blake, 136 S.Ct. 1850, 1858 (2016). Administrative remedies are only considered unavailable (i) where the administrative procedure "operates as a simple dead end – with officers unable or unwilling to provide any relief to aggrieved inmates"; (ii) where the administrative remedy scheme is "essentially unknowable" and thus "no ordinary prisoner can discern or navigate it"; or (iii) "when prisoner administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." See id. at 1858-1861.

While Griffin merely states in his objection that he did not need to exhaust his administrative remedies because Defendant had "ample notice" of his claims, his affidavit attached to his response to Defendants' motion provides support that he satisfied the third exception to the exhaustion requirement. In his affidavit, Griffin states that, following his hospitalization, he attempted to file a BP-9 against Rosario, but "staff members interfered with the process by destroying the . . . BP-9s[] that I attempted to file." See Griffin Aff., Ex. 1 to Pl. Resp., ¶ 5 (Dkt.

4

25). In the R&R, the magistrate judge states that Griffin failed to satisfy the exhaustion requirement because he filed a BP-10 with the BOP regional office prior to filing a BP-9 at his institution. However, Griffin states in his affidavit that he was thwarted from filing a BP-9 because staff at his institution destroyed the form. Id. While the magistrate judge characterizes this statement as a "bare allegation" insufficient to defeat summary judgment, see Belser v. James, No. 16-2578, 2017 WL 5479595, at *2 (6th Cir. June 6, 2017), Griffin has alleged more than a mere refusal to issue the BP-9 form, instead alleging that staff at his facility went so far as to destroy the documentation. The Court thus sustains Griffin's objection, and rejects the R&R to the extent it concludes that Griffin failed to exhaust his administrative remedies as to Rosario. However, as discussed below, he has failed to state an Eighth Amendment claim against both Rosario and Malatinsky.

### B. Objection Two: Eighth Amendment Claim

Griffin next argues that the magistrate judge erred in recommending that his Eighth Amendment claims fail as a matter of law. "The Eighth Amendment forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." Blackmore v. Kalamazoo Cty., 390 F.3d 890, 895 (6th Cir. 2004) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). There are both objective and subjective components to an Eighth Amendment claim for denial of medical care. Id. "The subjective component requires an inmate to show that prison officials have 'a sufficiently culpable state of mind in denying medical care,'" id. (quoting Brown v. Bargery, 207 F.3d 863, 867 (6th Cir. 2000)), while "[t]he objective component requires the existence of a 'sufficiently serious' medical need." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)). In his motion, Malatinsky concedes that Griffin's alleged condition, pulmonary embolism and thromboembolic disease, is sufficiently serious to satisfy the objective component.

5

With regard to the subjective component, "[d]eliberate indifference 'entails something more than mere negligence,' but can be 'satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result.'" Id. at 895-896 (quoting Farmer, 511 U.S. at 835). "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 896 (quoting Farmer, 511 U.S. at 837). The Sixth Circuit "distinguish[es] between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law. Of course, in some cases the medical attention rendered may be so woefully inadequate as to amount to no treatment at all." Id.

The magistrate judge ruled that Griffin failed to satisfy the subjective component because all he alleges is a disagreement with the medical decision to take Griffin off of Warfarin, his heart medication.[1] In his complaint, Griffin alleges that, a year prior to seeing Malatinsky in December 2013, he was prescribed Warfarin by specialists and was instructed not to discontinue the medication without first undergoing tests. Compl. ¶ 5 (Dkt. 1). Griffin alleges that after informing Malatinsky of this instruction, Malatinsky responded "to hell with them," and stated that he was

---

[1] In the R&R, the magistrate judge also addressed Griffin's claim that Rosario violated his Eighth Amendment rights by not initially diagnosing him as having a heart attack in March 2015. The magistrate judge ruled that Griffin had at best alleged that Rosario was negligent in evaluating Griffin, and that mere negligence does not give rise to a constitutional claim. See R&R at 24-25. In his objection to the magistrate judge's Eighth Amendment findings, Griffin only objects to the recommendation that he has failed to state an Eighth Amendment claim as to the decision to take him off Warfarin; Griffin does not take issue with the finding regarding Rosario's response to his heart attack. Thus, the Court accepts this recommendation.

discontinuing the Warfarin for Griffin because it was too expensive for the facility. Id. Griffin alleges that he suffered a heart attack approximately fifteen months later. Id. ¶ 6.

Based on these allegations alone, Griffin has plausibly stated an Eight Amendment claim arising out of Malatinsky's deliberate indifference. Contrary to the magistrate judge's characterization of Malatinsky's actions as medical judgment, the allegations allow for the inference that Malatinsky chose to discontinue the Warfarin for entirely non-medical reasons, i.e. to save the prison facility money. If taken as true, as required when evaluating a motion to dismiss, the trier of fact could conclude that Malatinsky was aware of a substantial risk of harm (in the form of an untreated pulmonary embolism) and chose to disregard the risk in favor of financial savings.

However, Defendants' motion is not styled solely motion to dismiss; it is brought as a motion to dismiss, or in the alternative for summary judgment. Federal Rule of Civil Procedure 12(d) states that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." "Whether notice of conversion of a motion to dismiss to one for summary judgment by the court to the opposing party is necessary depends upon the facts and circumstances of each case. Where one party is likely to be surprised by the proceedings, notice is required." Salehpour v. Univ. of Tennessee, 159 F.3d 199, 204 (6th Cir. 1998). Here, Griffin was served with a motion, accompanied with thirteen exhibits, that expressly moved for summary judgment in the alternative. Griffin was also given approximately two months to file a response to the motion. See 1/31/2018 Order (Dkt. 23). Griffin was thus on notice that this Court may decide Defendants' motion as one for summary judgment.

A review of the motion and accompanying materials leads to the conclusion that Griffin has failed to establish a genuine dispute of material fact regarding the culpability of Malatinsky

7

and Rosario.[2] While he alleges in his complaint that Malatinsky discontinued the Warfarin against the advice of specialists, solely for financial reasons, he has failed to present any evidence rebutting Malatinsky's declaration that he discontinued the Warfarin because the BOP Clinical Practice Guideline, Anticoagulation Protocol "called for discontinuing the medication after three months for a patient with a history of pulmonary embolism." See Malatinsky Decl., Ex. C to Defs. Mot., ¶ 6 (Dkt. 21-4); see also Anderson, 477 U.S. at 257 ("[T]he plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."). It is undisputed that at the time of his visit with Malatinsky, Griffin had been on Warfarin for twelve months. With regard to Rosario, Griffin failed to allege Rosario's involvement in the decision to discontinue Warfarin in his complaint or response to Defendants' motion, instead raising it for the first time in his objection to the R&R. Even assuming this objection was properly before the Court, Griffin has not presented evidence that Rosario's involvement in the decision to discontinue Warfarin was based on anything other than medical judgment.

Griffin has also failed to set forth an affidavit or any documentary evidence supporting his allegation that he was instructed by cardiac specialists not to stop taking Warfarin without first undergoing testing. Furthermore, Defendants' motion attaches ample medical records showing that Griffin was continuously treated by Malatinsky, Rosario, and other medical staff following his December 2013 visit, thereby belying that either Malatinsky or Rosario were indifferent to Griffin's medical condition. See Medical Records, Ex. B to Defs. Mot. (Dkt. 21-3).

It thus cannot be said that there is a genuine dispute of fact that Malatinsky or Rosario acted with deliberate indifference towards Griffin's medical condition. As a result, Malatinsky and Rosario are entitled to summary judgment. Because Griffin has not stated an Eighth Amendment

---

[2] The Court also notes that while Griffin alleged in his complaint that only Malatinsky was responsible for the decision to take him off Warfarin, he now asserts in his objection that Rosario is liable for this decision as well.

claim, the Court need not consider his objection to the magistrate judge's findings regarding qualified immunity.

## III. CONCLUSION

For the foregoing reasons, the Court sustains in part and overrules in part Griffin's objections, adopts in part and rejects in part the R&R, and grants Defendants' motion to dismiss or in the alternative for summary judgment.

SO ORDERED.

Dated: June 29, 2018　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 29, 2018.

　　　　　　　　　　　　　　　　　　　　s/Karri Sandusky
　　　　　　　　　　　　　　　　　　　　Case Manager